UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-61790

WILLIE ROWRY,

    Plaintiff,

v.

WICKED AWESOME ENTERPRISE L.L.C.,
and GARY BOUVIER, individually.

    Defendants.
_____/

## COMPLAINT

Plaintiff, WILLIE ROWRY ("ROWRY"), by and through his undersigned attorney, sues Defendants, WICKED AWESOME ENTERPRISE L.L.C. ("WILTON WINGS") and GARY BOUVIER ("BOUVIER") (collectively referred to as "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction of the action pursuant to the 28 U.S.C. § 1331 and the FLSA.

3. Venue properly lies in this judicial district because Plaintiff was an employee of Defendants in Broward County, Florida within the last three years.

4. Defendant, WICKED AWESOME ENTERPRISE L.L.C., is a limited liability company that operates and conducts business in Broward County, Florida as a restaurant called WILTON WINGS, and is within the jurisdiction of this Court.

5. At all times relevant to this action, Defendant, BOUVIER, was an individual resident of the State of Florida and owned and operated the Corporate Defendant and regularly exercised the

authority to: (a) hire and fire employees; (b) determine the work schedules for the employees, and (c) control the finances and operations of WILTON WINGS. By virtue of having regularly exercised this authority on behalf of WILTON WINGS, BOUVIER was an employer as defined by 29 U.S.C. § 201, et. seq.

6. During ROWRY's employment with Defendants, Defendant, WILTON WINGS, earned more than $500,000 per year in gross sales.

7. During ROWRY'S employment, Defendant, WILTON WINGS, employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies that travelled in interstate commerce, including but not limited to cooking supplies, and other tools/ materials used to run the business.

8. At all times material to this action, Defendant, WILTON WINGS, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

9. ROWRY is individually covered under the FLSA because he was engaged in interstate commerce by servicing Defendants' customers and handling food that crossed interstate lines, in addition to processing credit card and debit card transactions outside the state of Florida.

10. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in possession and custody of Defendants.

## GENERAL ALLEGATIONS

11. In approximately March 2020, ROWRY was hired by Defendants to work as a line cook in the Defendant's kitchen.

12. ROWRY generally worked six days per week and usually worked forty-eight (48) to fifty-three (53) hours per week.

Gallup Auerbach • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

13. ROWRY would either work the morning shift where he would arrive to the restaurant between 8:00 am and 9:00 to prepare the food for opening which occurred at 11:00 am. He would then work until his shift ended at 4:00 pm. Otherwise, ROWRY would work the afternoon shift which was from 4:00 pm to 11:00 pm.

14. ROWRY was paid $15.00 per hour for all hours worked throughout his employment.

15. In most weeks during ROWRY's employment with the Defendants, he worked overtime hours and did not receive the overtime premium required under the FLSA. Instead, ROWRY was paid his regular hourly rate of $15.00 an hour for all overtime hours worked.

16. During the relevant time period, ROWRY regularly worked more than forty (40) hours per week and was not paid time and one-half his regular rate of pay in excess of forty (40) per work week as required by C.F.R. § 778.112 and the FLSA.

17. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

18. ROWRY's employment ended on August 27, 2020.

**COUNT I: Recovery of Overtime Compensation (FLSA)**

19. Plaintiff incorporates and re-alleges paragraphs 1-18.

20. At all times relevant to this action, Defendants failed to comply with the FLSA because ROWRY performed services for Defendants for which no provisions were made by Defendants to properly pay ROWRY for all overtime hours worked.

21. ROWRY was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

22. During his employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

23. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay ROWRY overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurred attorneys' fees and costs.

24. Defendants did not have a good faith basis for its failure to pay ROWRY overtime compensation for each hour worked in excess of forty (40) per work week.

25. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, WILLIE ROWRY, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, WILLIE ROWRY, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 2nd day of September 2020.

Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone: (954) 894-3035
Facsimile: (954) 894-8015
E-mail: jaeurbach@gallup-law.com

By:     /s/ Jacob K. Auerbach
        JACOB K. AUERBACH
        Florida Bar No.: 084003